MOMSEN TRUCKING CO., Petitioner,

v.

INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.

Cargo, Inc., Intervenor-Respondent.

No. 80–1195.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Jan. 28, 1981.

Marshall D. Becker, Omaha, Neb., for Momsen Trucking Co., petitioner.

Dennis J. Starks, Charleston, W. Va., for respondents.

Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON,* Senior District Judge.

PER CURIAM.

This is an appeal by Momsen Trucking Co. from an order of the Interstate Commerce Commission (ICC) granting motor common carrier authority to Cargo, Inc. Momsen argues that the ICC failed to make subordinate findings of fact to support its ultimate conclusions and that the ICC failed to consider the "uncontroverted" evidence of Momsen. We disagree, and enforce the order of the ICC.

Under the Interstate Commerce Act, the Commission will issue a certificate granting a person the authority to operate as a motor common carrier if the person is "fit, willing, and able" to provide the transportation to be authorized and if "the transportation to be provided under the certificate is or will be required by the present or future public convenience and necessity." 49 U.S.C. § 10922. In this case, the ICC's Review Board found that these criteria had been satisfied by the verified statements of both the applicant, Cargo, Inc., and the supporting shipper, Mid-America Tanning Co., Inc.

Mid-America fabricates hides in Sioux City, Iowa, which it ships to 14 states. In addition, Mid-America receives materials, equipment, and supplies used in the process of tanning from 31 states. At the time of Cargo's application for motor common carrier authority (February 28, 1979), Mid-America shipped 356 truckloads of hides per year to points in the destination states. Mid-America expected its business to increase by one-third in 1979 and by approximately 75 percent by 1981. Along with the anticipated increase in business, Mid-America cited insufficient equipment provided by its current motor common carriers—petitioner Momsen included—as further support for Cargo's application. Cargo's verified statement indicated that it was capable of providing the type of service required by Mid-America—flexible single-line transportation services with multiple-stop, multistate deliveries. Although Momsen complained that its traffic would be diverted as a result of the ICC's granting the application, the Review Board observed that Momsen had provided no tonnage or revenue figures to the Board which would indicate the exact extent of Momsen's traffic. Additionally, Mid-America stated more than once that Momsen's services would continue to be retained if Cargo's application were granted. The Review Board found that under these circumstances, the present and future public convenience and necessity required issuance of the certificate to Cargo.

Momsen appealed the Review Board decision to Division 2 of the ICC, acting as an Appellate Division. Division 2 upheld the decision against Momsen's contention that the Review Board had failed to consider Momsen's evidence rebutting Mid-America's

* The Honorable William C. Hanson, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

statement that Momsen had been providing insufficient transportation service. The appellate decision stated:

> [A]ssuming, arguendo, that petitioner's service is adequate, the record nevertheless fully warrants the granting of the application. Shipper's volume is increasing significantly and applicant's coordinated inbound transportation of materials and supplies and outbound distribution of finished products is required even though it is duplicative of existing services.

This Court is bound by a narrow standard in reviewing decisions by the ICC: "[A] petition for review of a Commission's order will be denied on a summary basis when the order is based on the evidence and supported by a rational judgment of the Commission." *Warren Transport, Inc. v. United States,* 525 F.2d 148, 151 (8th Cir. 1975). We find that the Commission's decision addresses all issues material to the case and that it contains findings of fact which are supportive of its conclusion and supported by substantial evidence.

We enforce the order of the ICC.